### PEOPLE *v.* WILSON.[1]

1. BURGLARY—EVIDENCE—OBJECTIONS—APPEAL.

On an appeal from a conviction for burglary, the testimony of a witness who aided in apprehending respondents, that he did not "size them up" as railroad men, was not available error, because of his not having been shown to know how railroad men look or dress, where no such objection was made in the trial court.

2. SAME.

Where three men were arrested for the same burglary, it was competent, on the trial of one of them, to show what property was found on the persons of all three.

[1] Rehearing denied September 22, 1903.

3. CRIMINAL LAW—EVIDENCE—HARMLESS ERROR.

> The voluntary statement of a witness on a criminal trial, that he had learned that the name under which respondent was being prosecuted was not his true name, is not ground for reversal, where, on further inquiry by the court, witness testified that he did not know respondent's true name.

Error to Wayne; Donovan, J. Submitted April 24, 1903. (Docket No. 172.) Decided June 23, 1903.

Frank Wilson was convicted of burglary, and sentenced to imprisonment for 14 years in the State prison at Jackson. Affirmed.

*Charles T. Wilkins*, for appellant.

*Ormond F. Hunt*, Prosecuting Attorney, and *Ward N. Choate*, Assistant Prosecuting Attorney, for the people.

HOOKER, C. J. This defendant was charged, with two others, with the offense of burglary, in breaking and entering an office, and blowing open a safe, and stealing money therefrom. Separate trials were had, and this defendant has appealed.

The noise of the explosion was heard, and a man living in the vicinity saw three men who were apparently engaged in the burglary, and was shot at by them, or one of them. He was able to give some description of them. Two or three hours later, the defendant and two others boarded an electric car in the outskirts of Detroit, some 10 miles from the place of the burglary, and were spotted by the conductor, who had been requested to look out for three men. He informed an officer, and they were arrested, and, on being searched, were found to have $18.20 each, consisting of bills and coin. The officers also found a counterfeit coin, which was identified as one taken on the occasion of the burglary, and also a pair of spectacles, which one of these men had tried to sell the witness the day before the burglary. Wilson was shown to have misrepresented his whereabouts.

Complaint is made that the conductor of the street car was permitted to say that he did not "size them up" as railroad men, and that the circuit judge stated that railroad men did not wear standing collars.. It is now urged that the conductor was not shown to know how railroad men looked or dressed. No objection appears to have been made upon any such ground. Upon the other point, it appears that the court made no such statement. He asked the witness "if railroad men often wore standing collars," and he answered, "No."

It was competent to show what property was found upon the persons of all three of the men arrested for the same transaction.

There is no error in the testimony of Wolf, in regard to his learning that Wilson was not defendant's true name. The witness was not asked to state this, and the question asked was proper. The court then asked him whether he knew what his true name was, and he answered that he did not.

The principal question relates to the failure of the court to direct a verdict for the defendant; it being urged that the testimony was insufficient to identify this defendant, and connect him with the transaction. In our opinion, the circumstances justified the submission of the case to the jury, and we find nothing in the charge which was likely to mislead the jury.

We think it unnecessary to discuss other assignments, and that the judgment should be affirmed.

The other Justices concurred.